IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY D ANDERSON                                                          PLAINTIFF

v.                               Civil No. 6:19-cv-06074

RUBY MOODY, Parole Officer;
NICK MAYFIELD, Parole Officer;
LISA M. WILKINS, Hearing Judge; and
JAMIE VANDIVER, Parole Officer                                              DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff, Anthony D Anderson, pursuant to 42. U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A, the Prison Litigation Reform Act ("PLRA"). Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer or employee.

## BACKGROUND

Plaintiff filed his Complaint on June 24, 2019 in the United States District Court for the Eastern District of Arkansas. (ECF No. 1). The case was transferred to the United States District Court for the Western District of Arkansas, Hot Springs Division on June 27, 2019. (ECF No. 3). On June 28, 2019, this Court ordered Plaintiff to submit an application to proceed *in forma pauperis* ("IFP") and file an Amended Complaint by July 19, 2019. (ECF Nos. 5, 6). Plaintiff filed an Amended Complaint and a Motion to Proceed IFP on July 9, 2019. (ECF Nos. 7, 8). His application to proceed IFP was granted the same day. (ECF No. 9).

Plaintiff is currently incarcerated in the Arkansas Department of Correction, North Central Unit, serving a sentence as a result of a judgment of conviction. (ECF No. 7, p. 15). Plaintiff has named Ruby Moody, Nick Mayfield, Jamie Vandiver, and Lisa Mills Wilkins as Defendants in this action. Defendants

Moody, Mayfield, and Vandiver are parole officers. Defendant Wilkins is an administrative law judge who presided over Plaintiff's parole revocation hearing.

Plaintiff claims he was "doing a 7 day sanction for abscond and I was held for 10 days and right before I was release Mrs. Mood[y] issued another abscond warrant on me on the 26 of July 2018 and I was not release until July 27, 2018." (ECF No. 7, p. 4). He further accuses Defendant Moody of "lying on official document, abuse of power, cruel and unusual treatment." (*Id*. at p. 5).

Plaintiff claims Defendant Mayfield made a false statement at Plaintiff's parole revocation hearing on May 7, 2019, when he testified that "I was playing shadow games with him saying that I was calling his office after hours and he also lied saying that I was behind on my fee when I was not and I can prove the he gave a false statement because can pull my phone records." (*Id*.). Plaintiff also states Defendant Mayfield was "lieing on an official document and abuse and cruel unusual treatment." (*Id*. at p. 6).

As for Defendant Wilkins, the judge presiding over his parole hearing, Plaintiff claims he "was denied a [public defender] on the ground that I have a 12 grade education and my hearing was postponed by the hearing judge because the parole officer didn't have all the right documentation at that time so I ask for a dismissal and reinstatement and she said that's not how it works." (*Id*. at p. 7).

Regarding Defendant Vandiver, Plaintiff simply states that he asked "Mrs. Jamie Vandiver why is she on my paperwork for a violation for 4-8-19 when I was already incarcerated on the 4-12-19 because I have never had Mrs. Vandiver as a parole officer are had Drug Court and when I ask Mrs. Vandiver she said that she din't know why its on there." (*Id*. at p. 9). He also claims Defendant Vandiver did not have all the proper documentation at his parole hearing on April 30, 2019.[1] (*Id*.).

---

[1] Plaintiff's parole hearing was originally scheduled to take place on April 30, 2019. Plaintiff appeared in front of Defendant Wilkins on April 30th. However, Defendant Wilkins continued the matter to May 7, 2019, due to Defendant Vandiver's alleged lack of paperwork. (ECF No. 7, pp. 9-10).

2

Finally, Plaintiff claims on "6-18-19 I receive a time card saying that I doing a 12 mo probation revocation for forgery a charge that I got back in 2005 and her is the docket number CR-2005-0108 CR-2005-108."[2] (*Id*. at p. 10). It is unclear whether Plaintiff intended to assert a claim against any of the named Defendants based on this statement.

Plaintiff sues Defendants in their individual and official capacities. He seeks compensatory damages and requests "reinstatement on parole." (*Id*. at p. 7).

## APPLICABLE LAW

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

[2] Plaintiff alleges that he received this timecard when he entered ADC custody. Plaintiff subsequently submitted a grievance, inquiring about the alleged probation violation. (ECF No. 7, p. 11). The ADC responded, stating that Plaintiff's parole had been revoked and that he was serving time for a parole violation. *Id*. Plaintiff has submitted a timecard printed the same day as the response to his grievance. *Id*. at 12. This timecard does not make any mention of probation. *Id*. Moreover, all of Plaintiff's other attached materials indicate that he is incarcerated for a parole violation.

## DISCUSSION

### A. Claims against Defendant Wilkins

Defendant Wilkins is an administrative law judge who presided over Plaintiff's parole revocation proceedings. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (stating that judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial, and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") (internal citation omitted).

Plaintiff has failed to allege any action by Judge Wilkins that was non-judicial or taken without jurisdiction. Accordingly, Defendant Wilkins is immune from suit.

### B. Claims against Defendants Moody, Mayfield, and Vandiver

The Court now addresses Plaintiff's claims against Defendants Moody, Mayfield, and Vandiver. "Parole officers are entitled to absolute immunity while performing their official duties." *Gale v. Moore*, 763 F.2d 341, 344 (8th Cir. 1985). In the case at bar, Defendants Moody, Mayfield and Vandiver are all parole officers. Plaintiff has not alleged that Defendants Moody, Mayfield and Vandiver acted outside their capacity as parole officers. Accordingly, Defendants Moody, Mayfield and Vandiver are immune from suit.

### C. Plaintiff has Failed to State a Due Process Claim

#### 1. Plaintiff Failed to Allege a Protected Liberty Interest

Even if Defendants lacked immunity, it is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee*, 237 F. App'x 114, 114 (8th Cir. 2007). In *Hamilton,* the court held "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decision[.]" *Id.* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno*, 462 F.3d 876, 886 (8th Cir. 2006) (stating first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest). In the instant case, Plaintiff does not have a constitutionally protected liberty interest in the result of his parole revocation hearing. Therefore, Plaintiff cannot bring a due process claim.

#### 2. *Heck v. Humphrey*

Finally, even if Plaintiff's Complaint could somehow be construed to create a viable liberty interest, his claims are clearly an attack on the parole revocation proceedings themselves and his subsequent conviction. Plaintiff is barred from bringing such claims until his convictions are invalidated by the highest state court or in a federal *habeas* proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff may not use the civil rights statutes as a substitute for *habeas corpus* relief. In other words, he cannot seek relief pursuant to section 1983 relating to the revocation hearing and his subsequent confinement. *See, e.g., Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973) (holding *habeas corpus* is the sole federal remedy for prisoners attacking the validity of their conviction or confinement).

Accordingly, Plaintiff's claims regarding the validity of the criminal charges resulting in his parole revocation and his subsequent confinement fail to state cognizable claims under section 1983.

## CONCLUSION

Plaintiff's claims against all Defendants are subject to dismissal because they are either frivolous, fail to state claims upon which relief may be granted, or assert claims against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**.

**The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is DIRECTED to place a § 1915 strike flag on the case**.

**IT IS SO ORDERED** this 29th day of July 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge